139 N.J. Super. 47 (1976)
352 A.2d 270
ESSEX COUNTY WELFARE BOARD, APPELLANT,
v.
DEPARTMENT OF INSTITUTIONS AND AGENCIES AND EVYONNE YORK, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 23, 1975.
Decided January 21, 1976.
*49 Before Judges LYNCH, LARNER and FULOP.
Mr. William J. Tamburri, attorney for appellant (Ms. Susan J. Barone, on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent Department of Institutions and Agencies (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Guy S. Michael and Mr. Paul N. Watter, Deputy Attorneys General, on the brief).
Mr. Frank E. Catalina, attorney for respondent Evyonne York (Mr. Allen S. Zaks, on the brief).
PER CURIAM.
The Essex County Welfare Board appeals from the fair hearing decision of the Division of Public Welfare, Department of Institutions and Agencies, ordering the Board to restore training allowance and child care payments to Evyonne York.
Mrs. York has three children. She is a student at Kean College. In 1974 she finished a two-year course and was awarded a certificate as an Associate in Science. She has been receiving aid to families with dependent children (AFDC). For the first two years of her schooling she also received service payments for expenses incidental to training and for child care allowance. All these were received through the Essex County Welfare Board.
She is continuing her course at Kean College. On September 20, 1974 the Board notified Mrs. York of its intention to terminate her service payments in accordance with a policy of the Essex Board to disallow service payments to *50 recipients after successful completion of two years of college training. The Essex Board has determined that after training for that length of time an aid recipient has marketable skills and should employ them to earn. It therefore adopted and applied in this case a policy not to finance further education.
Mrs. York demanded a fair hearing. It was held. The hearing officer determined that the applicable regulation, F.A.M. § 420.1, requires the local board to make an individual determination of a recipient's eligibility for training allowance and child care. Since the Essex Board had not done so but had applied a general rule cutting off such aid after two years, the hearing officer recommended that the action of the local board be reversed and that service payments be restored.
The Division's Decisional Panel adopted the recommendation of the hearing officer. This appeal followed.
New Jersey has voluntarily chosen to participate in the jointly funded federal-state AFDC program. N.J.S.A. 44: 10-1 et seq. Receipt of federal funding by the State for the program is dependent on state conformity to the requirements of the Federal Social Security Act (42 U.S.C.A. § 601 et seq.) and those regulations promulgated thereunder by the federal Department of Health, Education, and Welfare (45 C.F.R. § 201 et seq.). See King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Hausman v. N.J. Dept. of Institutions and Agencies, 64 N.J. 202 (1974), cert. den. 417 U.S. 955, 94 S.Ct. 3083, 41 L.Ed.2d 674 (1974). The New Jersey Legislature has authorized and directed the Commissioner of Institutions and Agencies to do everything necessary to maximize such federal funding and to promulgate all necessary rules, regulations and administrative orders for that purpose. N.J.S.A. 44:10-3.
Among the federal regulatory requirements is the mandate found at 45 C.F.R. § 205.100(a)(i). That section provides that a state plan under the AFDC program must be administered *51 or supervised by a single state agency. Specifically with regard to service payments of the type involved in the instant case, 45 C.F.R. § 220.2(a) requires a single state agency to provide or supervise all services included in the state plan. Additionally, 45 C.F.R. § 220.2(b) (1) and (2) provide that the single unit supervising services is responsible for the "development of policy and the maintenance of policy control for all parts of the service program" and must "direct program supervision of the local agency or otherwise be in a position to assure proper program implementation."
Thus, pursuant to federal mandate, the AFDC program in New Jersey must be administered according to the rules and regulations of a single state agency. In New Jersey that agency is the Division of Public Welfare, Department of Institutions and Agencies. County welfare boards are established to administer the AFDC program locally but always in conformity with state requirements. See N.J.S.A. 44:7-12 applied to the AFDC program through N.J.S.A. 44:10-2.
Federal requirements also exist with regard to service payments. State plans are compelled to provide aid and services to needy families with children. 42 U.S.C.A. § 602(a) (14). The federal statute defines family services, at 42 U.S.C.A. § 606(d) as:
* * * services to a family or any member thereof for the purpose of preserving, rehabilitating, reuniting or strengthening the family, and such other services as will assist members of a family to attain or retain capability for the maximum self-support and personal independence.
Federal regulations provide, in 45 C.F.R. § 220.17, that
(a) Services must be provided to assist all appropriate persons to achieve employment and self-sufficiency * * *.

* * * * * * * *
(c) With respect to employment objectives, there must be as a minimum: * * *

*52 * * * * * * * *
(4) Plans to insure that training and employment lead to stability of employment in jobs which take full advantage of the individual's potential.
(5) Provision of services necessary to deal with personal and family barriers which prevent or limit individuals in their use of training and their achievement of stable employment * * *.
That the language of 42 U.S.C.A. § 602(a) (14) and the regulations promulgated thereunder create an obligation for the State and counties to provide the type of services sought in the instant action by the recipient is substantiated by the legislative history of the statute:
State welfare agencies would be required to provide the social services determined to be needed for an effective work incentive program. * * * the term `family services,' under the committee bill, is defined to include services to preserve, rehabilitate, reunite, or strengthen the family. The term includes services which are specifically designed to assist the family members to attain or retain capability for maximum self-support and personal independence. [Sen. Rep. No. 744, 90th Cong., 1st Sess. 155 (1967), U.S. Code Cong. & Admin. News 1967, pp. 2834, 2992]
The Social Security Act also provides for individual review of eligibility for such services. The aforecited 42 U.S.C.A. § 602(a) (14) states, among other things, that service grants be made "as may be necessary in light of the particular home conditions" and other needs in order to assist the recipient to obtain self-support.
Pursuant to the clearly enunciated policy of the Federal Government in its formulation of the purposes and obligations of the Social Security Act, the language of the State statute implementing the AFDC program in New Jersey closely tracks the federal language. N.J.S.A. 44:10-1(a) (3) provides that:
(a) "Assistance for dependent children" means the assistance and other services to be extended under this act to or for needy dependent children and the parents and relatives with whom they are living for the following purposes ...
(3) To help such parents or relatives to attain the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection.
*53 In order to carry out the federal and state mandates, New Jersey authorizes the payment of allowances to recipients incident to training. In this regard N.J.A.C. 10:82-12.10 provides in pertinent part that
(a) An allowance for expenses incident to training shall be recognized, except when subsection (b) of this section is applicable, for each member of the eligible unit participating in one of the following:
1. A job or work experience training program designated and/or approved by the county welfare board;
2. In ADC, enrollment in the WIN Program, Priority II;
3. Enrollment in a full-time (as defined by the institution client is attending) education experience other than the normal four-year high school curriculum, regardless of the type of program, provided such educational program is designed to attain a vocational objective, which in the judgment of the County Welfare Board is both feasible and reasonable * * *. [Emphasis supplied]
In addition, provision is made for child care services at N.J.A.C. 10:82-12.2. Most pertinent to the instant case is N.J.A.C. 10:82-12.2(b)(1), which states that child care service payments may be provided when the county welfare board deems them essential because the parent or parent-person who normally cares for the child is in training for employment.
The local board is required to provide training allowance and child care funds in appropriate circumstances as part of the AFDC program. The board is granted discretion to determine in each individual case the eligibility of the claimant for such service payments in accordance with federal and state statutes and regulations. It may not establish a general regulation not authorized by the state and federal law and legal regulations thereunder.
To justify denial of the service payments the Board must find in the individual case that the claimant is not only employable with her present training, but also that further training would not reasonably tend to insure attaining "full advantage of the individual's potential" in future employment.
*54 The Essex County Board is an agent of the State and may not proceed contrary to the State Department's policies. It has no independent rights. The findings of the State Department are entitled to a presumption of validity and are not to be disturbed unless contrary to law or unsupported by evidence, with due regard to the expertise of the Department. Close v. Kordulak Bros., 44 N.J. 589 (1965).
The final decision of the State Decisional Panel is affirmed.